BOWES, Judge.
Plaintiffs appeal from a judgment of the trial court dismissing plaintiffs’ suit at plaintiffs’ costs.
*968 At the present, only two of the original defendants remain in the suit, namely, G. Michael Grosz, III, and Dan A. Milan. Therefore, the court will discuss only those issues which directly affect the remaining two defendants.
This case arises out of the abortive attempt by plaintiffs, defendants and others to form a new bank in the city of New Orleans, namely Crescent City Bank and Trust Company. During the life of the venture (from December 1975 through September 1978), eight notes were executed by Crescent City Bank and Trust Company in Organization (hereinafter C.C.B. & T.) to cover the expenses incurred in connection with the undertaking.
The first note was executed on January 22,1976, with George Livermore and Robert Andre signing the face of the note as representatives of C.C.B. & T., and with Liver-more, Andre, Grosz, Milan, Donald E. Oliver and Harold Pique, signing the back of the note as individual endorsers. This note, number 0060806, was for $50,000.00 and due July 20, 1976. When the note became due, it was renewed by the execution of a subsequent note dated July 20, 1976, bearing the same note number, 0060806, the face thereof being “signed” “Crescent City Bank and Trust Company in Organization” and, under that, “George Livermore”, and the reverse side being signed substantially the same. This renewal note was not secured by anyone’s individual endorsement, but rather by $50,000.00 continuing guaranties executed by Livermore, Pique and Oliver. This note, also for $50,000.00, was due November 1, 1976.
Appellees Grosz and Milan never executed continuing guaranties, nor did they endorse any other note executed by C.C.B. & T., other than the original $50,000.00 note. At the October 26, 1976, meeting of the organizing directors of C.C.B. & T., Mr. G. Michael Grosz and Mr. Daniel A. Milan were removed from the Board of C.C.B. & T. by unanimous vote of the Directors and thereafter Grosz and Milan ceased any affiliation with C.C.B. & T.
On November 1, 1976, a new note, number 0082886, for $75,000.00 was executed by C.C.B. & T. with $75,000.00 continuing guaranties being executed by Livermore, Pique, Oliver and Lester V. Coe. This note replaced the previous $50,000.00 notes of C.C.B. & T.
The note of November 1, 1976, was renewed five times, with additional continuing guaranties for $75,000.00 each being executed by Lawrence J. Sisung, Jr. and Eugene E. Schaefer, Jr.
Finally, in September of 1978, the Directors of C.C.B. & T. gave up their venture as a failure and the then outstanding note was paid off by Livermore, Pique, Coe and Sisung.
Appellants mistakenly represent that this case is a virtual replay of Aiavolasiti v. Versailles Gardens Land Development Co., et aIs., 371 So.2d 755 (La.1979) (hereinafter “Aiavolasiti”). In Aiavolasiti, there were three separate financial transactions involving two different financial institutions. None of these notes were renewals, nor were any executed to take the place of an older existing note.
In the case at bar, a note originally executed for $50,000.00 and secured by individual endorsements was deftly transformed into a note for $75,000.00, secured by continuing guaranties.
This adroit transformation was done without the knowledge or consent of Grosz or Milan. Two years after the substitution of note number 0082886 (the $75,000.00 note) for note number 0060806 (the $50,-000.00 note), appellants seek contribution from Milan and Grosz on the $50,000.00 note.
Without a doubt, the trial court was correct when it ruled in favor of Grosz and Milan.
This court finds that a novation took place when note number 0082886 for $75,-000.00 was executed replacing note 0060806 for $50,000.00. This was not a note given merely in renewal of another, but the changing of the original debt from $50,-000.00 to $75,000.00. The Supreme Court *969 stated in Union Bldg. Corporation v. Burmeister, 186 La. 1027, 173 So. 752 (1937):
... Although novation does not take place as a necessary consequence of a creditor’s taking a new note in substitution of one which he returns to the debt- or, novation does take place in such a case if the circumstances surrounding the transaction show, or if the character of the transaction itself shows, that the parties intended to extinguish the existing debt and to substitute a new one in its place.
We find that the circumstances surrounding the transaction (the 50% increase in the size of the note and the bank’s requirement that the sureties execute continuing guaranties for $75,000.00 each) clearly show the parties intended to extinguish the existing debt and to substitute a new one in its place.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.